UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAKI KASTANIS,

    Plaintiff,

v.

YELLOW YOLK POMPANO, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff Taki Kastanis ("Plaintiff"), by and through his attorneys, alleges against Defendant, Yellow Yolk Pompano, LLC ("Defendant") as follows:

## NATURE OF THE ACTION

1. This action seeks preliminary injunctive relief and damages pursuant to the Lanham Act, (15 U.S.C. § 1114 and 15 U.S.C. §1125 *et. seq.*); for trademark infringement and unfair competition pursuant to Florida common law. Specifically, Plaintiff seeks to enjoin Defendant from further unauthorized use of a trademark which infringes upon Plaintiff's trademark and to recover damages, costs, and attorneys' fees.

## JURISDICTION AND VENUE

2. This is an action arising under the Lanham Trademark Act, 15 U.S.C. §§ 1114 and 1125, and the Florida Statutes.

3. This Court has original subject matter jurisdiction of this civil action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et. seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. 28 U.S.C. § 1331 because Plaintiff's federal trademark infringement claims arise under the laws of the United States. This Court has supplemental jurisdiction of the remaining counts based

on Florida law pursuant to 28 U.S.C. § 1367(a), wherein the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4. Plaintiff is informed, believes, and thereon alleges that Defendant has sufficient contact with this district generally and, in particular, with the events here alleged, including, but not limited to its business activities involving the advertising and sale of its goods and/or services over the Internet to the citizens of Florida, so as to subject it to both personal jurisdiction and to make this Court a proper venue pursuant to 28 U.S.C. §1391.

5. Venue is further proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district and Defendant engaged in infringement in this district.

## THE PARTIES

6. Plaintiff is an individual residing at 1120 S. Michigan Ave, Chicago, Illinois 60605. Plaintiff is the owner of several famous United States Patent and Trademark Office Trademark Registrations.

7. Yellow Yolk Pompano, LLC is a Florida Limited Liability Company with its principal place of business at 3200 East Atlantic Blvd., Pompano Beach, FL 33062.

## GENERAL ALLEGATIONS

### Plaintiff's Trademarks and Associated Rights

8. Plaintiff is the owner of valid and subsisting U.S. Trademark Reg. No. 6,236,201 (originally Reg. No. 3,347,771, which registered on December 04, 2007) on the Principal Register in the United States Patent and Trademark Office for the standard trademark YOLK (hereinafter "Plaintiff's Standard Mark" for "café-restaurants, carry-out restaurants, restaurant services,

2

restaurants, and take-out services," which registered on January 05, 2021. *See* **Exhibit A**, Registrations.

9. Plaintiff is the owner of valid and subsisting U.S. Trademark Reg. No. 6,274,943 (originally Reg. No. 3,347,784, which registered on December 04, 2007) on the Principal Register in the United States Patent and Trademark Office for the design trademark



(hereinafter "Plaintiff's Logo Mark") for "café-restaurants, carry-out restaurants, restaurant services, restaurants, and take-out services," which registered on February 23, 2021.

10. Plaintiff has used Plaintiff's Standard Mark and Plaintiff's Logo Mark (hereinafter, collectively "Plaintiff's YOLK Marks") in interstate commerce in the United States continuously since November 1, 2006, in connection with "café-restaurants, carry-out restaurants, restaurant services, restaurants, and take-out services."

11. Plaintiff's YOLK Marks are valid, subsisting, and in full force and effect, and constitute evidence of validity of the marks and of Plaintiff's exclusive right to use the marks in connection with the services identified in the registrations.

12. Plaintiff has spent a considerable amount of money, time, and energy with the promotions of its services promoted and rendered under the Plaintiff's YOLK Marks and as a result, a significant amount of goodwill has attached to Plaintiff's YOLK Marks, making Plaintiff's YOLK Marks a valuable and irreplaceable asset of Plaintiff's business.

13. Plaintiff's YOLK Marks are entitled to a broad scope of protection by virtue of

Plaintiff's continuous, exclusive, and widespread use of Plaintiff's YOLK Marks for over fifteen years.

14. As a result of longstanding and extensive use in commerce and wide recognition among the purchasing public, Plaintiff's YOLK Marks have become distinctive as an indication of the source of such branded goods and services.

15. As a result of its distinctiveness and widespread use and promotion throughout the United States, Plaintiff's YOLK Marks are famous trademarks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

16. Notwithstanding, Plaintiff's rights in and to Plaintiff's YOLK Marks, upon information and belief, in or about September 2022, Defendant intends to open, own, and operate a restaurant called "Yellow Yolk" in Pompano Beach, Florida.

17. On or about May 12, 2021, Defendant, through a related entity, filed an application with the United States Patent and Trademark Office, Serial Number 90706536, to register the standard character Word Mark "YELLOW YOLK" in International Class 043 for "restaurant services; take-out restaurant services; carry-out restaurant services; mobile restaurant services; food catering services."  *See* **Exhibit B** attached hereto.

18. Defendant intends to operate the same kind of restaurant business that features breakfast dishes and caters to the same kind of consumers.  *See* webpage at https://pointpubs.com/riverside-promenade-restaurant-and-retail-complex-is-getting-closer-to-opening-in-pompano-beach/, visited on September 7, 2022, attached as **Exhibit C**.

19. Defendant's name, Yellow Yolk (the "Infringing Mark"), is substantially similar to Plaintiff's YOLK Marks.

20. Defendant improperly uses Plaintiff's YOLK Marks. This use is such as to create a

4

likelihood of confusion regarding the source or origin of Defendant's services. This use falsely implies that the Defendant's services are rendered with Plaintiff's consent to and involvement therewith. This use also falsely implies approval, affiliation, and/or sponsorship between Plaintiff and Defendant, where there is none.

21. Defendant's use of the Infringing Mark, which fully encompass Plaintiff's YOLK brand, is diluting the famous and distinctive quality of Plaintiff's YOLK Marks and impairing Plaintiff's ability to obtain contracts with third parties in the future.

22. Defendant knowingly, willfully, and intentionally infringed Plaintiff's YOLK Marks and the rights afforded by Plaintiff's registered YOLK Marks.

23.

24. Upon information and belief, Defendant knew of Plaintiff's YOLK Marks at the time or before it adopted the Infringing Mark.

## **PRELIMINARY MATTERS**

25. All conditions precedent to the maintenance of this action have been performed, excused, or waived.

26. Plaintiff has retained undersigned counsel (and other counsel) to represent him in this action and is obligated to pay such attorneys a reasonable fee for its services.

## **COUNT I: TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

27. Plaintiff realleges and incorporates herein paragraphs 1 through 26 of this Complaint.

28. Plaintiff's YOLK Marks are completely subsumed into the Defendant's Infringing Mark.

29. Upon information and belief, Defendant knew of Plaintiff's YOLK Marks at the

time or before it adopted its Infringing Mark.

30. Upon information and belief, Defendant has used and is continuing to use a mark that is confusingly similar to Plaintiff's federally registered YOLK Marks in connection with the advertising, promotion, and/or sale of services related to those of Plaintiff, without the consent of Plaintiff, and in a manner which is likely to cause confusion, mistake, or deception as to source, origin, affiliation, connection, or association with Defendant.

31. As such, Defendant's unauthorized use of the Infringing Mark constitutes trademark infringement in violation of 15 U.S.C. § 1114.

32. Defendant's actions have caused Plaintiff to lose control over the reputation and goodwill associated with Plaintiff's YOLK Marks.

33. Defendant's actions have tarnished Plaintiff's reputation and goodwill associated with Plaintiff's YOLK Marks.

34. Upon information and belief, by its acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

35. Upon information and belief, Defendant intends to continue its willfully infringing acts unless restrained by this court.

36. Defendant's actions have caused irreparable injury to Plaintiff's business, reputation, and goodwill.

37. Unless Defendant is enjoined from its wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

### COUNT II: UNFAIR COMPETITION (15 U.S.C § 1125(a))

38. Plaintiff hereby realleges and reaffirms paragraphs 1 through 26 of this Complaint.

39. As a result of longstanding and extensive use in commerce and wide recognition

among the purchasing public, Plaintiff's YOLK Marks have become distinctive as an indication of the source of such branded goods and services.

40. Defendant has knowingly and willfully used its Infringing Mark that is confusingly similar to Plaintiff's YOLK Marks, and, upon information and belief, is taking affirmative steps to increase that use dramatically in connection with restaurant services featuring breakfast foods.

41. Defendant's use of the Infringing Mark in connection with the abovementioned services is likely to cause confusion or to cause a mistake or to deceive as to affiliation, connection, or association.

42. As such, unauthorized use of the Infringing Mark constitutes federal unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Upon information and belief, by its acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

44. Upon information and belief, Defendant intends to continue its willfully infringing acts unless restrained by this court.

45. Defendant's actions have caused irreparable injury to Plaintiff's business, reputation, and goodwill.

46. Unless Defendant is enjoined from its wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

### COUNT III: FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

47. Plaintiff hereby realleges and reaffirms paragraphs 1 through 26 of this complaint, as if the same were herein set forth verbatim.

48. Defendant's use of the Infringing Mark as well as association with the Plaintiff's name and goodwill established over the years by Plaintiff, is intended, and is likely to confuse,

mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, association, or affiliation of services in connection with the Infringing Mark, and is intended, and is likely to cause such parties to believe in error that the services in connection with the Infringing Mark has been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendant is in some way affiliated with Plaintiff.

49. As such, Defendant's acts constitute false designation of origin in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

50. Upon information and belief, by its acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

51. Upon information and belief, Defendant intends to continue its willfully infringing acts unless restrained by this court.

52. Defendant's actions have caused irreparable injury to Plaintiff's business, reputation, and goodwill.

53. Unless Defendant is enjoined from its wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

**COUNT IV: VIOLATION OF FEDERAL DILUTION STATUTE (15 U.S.C. § 1125 (c))**

54. Plaintiff hereby realleges and reaffirms paragraphs 1 through 26 of this Complaint.

55. Plaintiff is the exclusive owner of the YOLK federal trademark registrations in the United States.

56. Since the introduction of Plaintiff's YOLK Marks in 2006, Plaintiff's YOLK Marks have achieved enormous and widespread public recognition and as a result have become famous for the goods/services covered in Plaintiff's Registrations.

57. Plaintiff's YOLK Marks are famous within the meaning of Section 43(c) of the

Lanham Act (15 U.S.C. § 1125 (c)).

58. Based on the Plaintiff's extensive sales of services, marketing, and advertising of Plaintiff's Marks in the United States and abroad, Plaintiff's Marks have become inherently distinctive and famous pursuant to 15 U.S.C. § 1125(c).

59. Defendant's commercial use of the confusingly similar Infringing Mark, as well as Defendant's efforts to pass its services as being marketed, sponsored, affiliated, licensed, or otherwise approved by Plaintiff, is likely to dilute, actually dilutes, and will continue to dilute the Plaintiff's famous and distinctive marks associated to the famous and distinctive YOLK Marks by tarnishment and blurring.

60. By reason of Defendant's acts alleged above, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, good will, and ability to obtain contracts with third parties in the future and will sustain serious loss to the distinctive quality of its famous YOLK Marks.

61. Unless Defendant is enjoined from its wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

## **COUNT V: COMMON LAW TRADEMARK INFRINGEMENT**

62. Plaintiff hereby realleges and reaffirms paragraphs 1 through 26 of this Complaint.

63. Defendant's conduct, as alleged above, causes and is likely to cause consumer confusion as to, and misrepresents, the origin, quality, characteristics, and source of its products and/or services of Plaintiff.

64. As such, Defendant's conduct constitutes unfair competition and trademark infringement in violation of the common law of Florida.

65. Upon information and belief, by its acts, Defendant has made and will make

substantial profits and gains to which it is not in law or equity entitled.

66. Upon information and belief, Defendant intends to continue its willfully infringing acts unless restrained by this court.

67. Defendant's actions have caused irreparable injury to Plaintiff's business, reputation, and goodwill.

68. Unless Defendant is enjoined from its wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

### COUNT VI: COMMON LAW UNFAIR COMPETITION

69. Plaintiff hereby realleges and reaffirms paragraphs 1 through 26 of this Complaint.

70. Defendant's actions complained of herein, constitute unfair competition in violation of Florida common law, as the aforementioned acts constitute an intentional misappropriation of Plaintiff's YOLK Marks, reputation, and commercial advantage in which Defendant has acted with bad faith.

71. Unless Defendant is enjoined from its wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Taki Kastanis, respectfully requests that the Court:

A. Declare that Defendant has willfully infringed Plaintiff's YOLK Marks and falsely designated the origin of its services in violation of U.S.C. §§ 1114(a) and 1125(a) and the common law, and have willfully engaged in unfair competition;

B. Grant an injunction permanently enjoining and restraining the Defendant, its agents, servants, employees, successors, and assigns, and all those acting in concert or participation with them, from:

       i.       Manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, using, or displaying restaurant services or any other product or services using any marks confusingly similar to Plaintiff's YOLK Marks in the Pompano Beach area;

       ii.       Opening a restaurant in the Broward County area under the mark "YELLOW YOLK" or anything confusingly similar to the mark "YOLK";

       iii.       Making any statement or representation whatsoever, or using any false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, use, or display of restaurant services or any other products or services using any marks confusingly similar to Plaintiff's YOLK Marks in the Broward County area, and

       iv.       Engaging in any other activity constituting infringement of Plaintiff's YOLK Marks, or unfair competition with Plaintiff in the Broward County area;

    C.    At its election, award Plaintiff statutory damages in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

    D.    Award Plaintiff his costs and attorneys' fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act (15 U.S.C. § 1117); and

    E.    Grant to Plaintiff such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury in this action of all issues and claims triable by right of jury.

September 7, 2022

                THE BRICKELL IP GROUP, PLLC
                1101 Brickell Avenue
                South Tower, Suite 800
                Miami FL, 33131
                Tel: 305-728-8831
                Fax: 305-428-2450

                */s/ Richard Guerra*_____
                Richard Guerra
                Fla. Bar No. 689521
                Email: rguerra@brickellip.com

                ADVÍTAM IP, LLC
                Michele S. Katz (*pro hac vice to be requested*)
                Email: mkatz@advitamip.com
                150 S. Wacker Drive
                Suite 2400
                Chicago, Illinois 60606
                Tel: 312.332.7710
                Fax: 312.332.7701

                *Counsel for Plaintiff*